UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HENRY LO CARTER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil File No. 00-2704 (DSD/AJB)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus, brought under 28 U.S.C. § 2241. Respondent has filed a response asking that the petition be dismissed. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court recommends that the petition for writ of habeas corpus be dismissed with prejudice.

**I. BACKGROUND**

In April 1995, Petitioner was indicted in this District for violating federal drug laws. United States v. Carter, No. 3:95cr48 (MJD/JMM). The indictment charged Petitioner with a single count of possessing with intent to distribute more than 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

In July 1995, Petitioner entered into a written plea agreement, by which he agreed to plead guilty to the charged offense. (A copy of the plea agreement is attached to Petitioner's "Memorandum In Support Of Petition For Writ Of Habeas Corpus," [Docket No.

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

2].) As part of the plea bargain, the Government agreed not to seek additional indictments against Petitioner, even though prosecutors apparently had evidence of other drug law violations.[1]

The plea bargain also stipulated that the amount of the drugs involved in Petitioner's case was only 48 grams of a mixture or substance containing cocaine base -- not more than 50 grams, as charged in the indictment. Because of that stipulation, Petitioner was actually convicted under 21 U.S.C. § 841(b)(1)(B)(iii), which is applicable to crimes involving 5 grams or more of a mixture or substance containing cocaine base, rather than § 841(b)(1)(A)(iii), which is applicable to crimes involving 50 grams or more of cocaine base. (See "Judgment In Criminal Case," a copy of which is included in the "Government's Response To Petitioner's Petition For Writ Of Habeas Corpus," [Docket No. 7], at "Appellant's Exhibit A-1.") This meant that the mandatory sentencing range for Petitioner's offense was reduced. For the § 841(b)(1)(A) violation charged in the indictment, the range is 10 years to life in prison, but for the § 841(b)(1)(B) violation, for which Petitioner was convicted, the range is only 5 years to 40 years. The actual sentence imposed following Petitioner's guilty plea was 17½ years, (210 months), which obviously was far less than the 40-year maximum provided by the § 841(b)(1)(B).

---

[1] The plea agreement included the following stipulation:

"It is further agreed by the parties that the defendant participated in other drug transactions which may be considered by the Court as relevant conduct. These other transactions included additional quantities of controlled substances for purposes of determining the applicable base offense level, that is, about 6 ounces of cocaine base and about 1 ounce of powder cocaine and about 3 grams of heroin."

Following his conviction, Petitioner filed a direct appeal in which he raised two arguments: (1) that the sentencing scheme established by 21 U.S.C. § 841(b)(1) is unconstitutional, because it has a disproportionately adverse effect on African-Americans, and (2) that he was entitled to a "downward departure" under the sentencing guidelines, because the United States Sentencing Commission had determined that the sentencing scheme provided by § 841(b)(1) is "not justified." The Court of Appeals rejected both of those arguments, and affirmed Petitioner's conviction and sentence. United States v. Carter, 91 F.3d 1196 (8th Cir. 1996).

Thereafter, Petitioner filed a motion in the trial court seeking relief under 28 U.S.C. § 2255. In his § 2255 motion, Petitioner argued that his conviction and sentence should be vacated because the government had failed to establish that he had actually possessed a mixture or substance containing cocaine base. Petitioner's § 2255 motion was denied in November 1996. The Court of Appeals did not review Petitioner's post-conviction claims, because he was unable to secure a Certificate of Appealability. See 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

After the U.S. Supreme Court handed down its decision last year in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), Petitioner applied to the Eighth Circuit Court of Appeals for permission to file a second § 2255 motion. Petitioner sought such permission because he wanted to challenge his conviction and sentence based on the Apprendi decision, and he recognized that he could not file a second § 2255 motion (to raise his Apprendi claim) without pre-approval from the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3) and 2255

(final paragraph).[2] Petitioner's request for pre-authorization to file another § 2255 motion was denied by the Court of Appeals in a two-sentence order dated November 27, 2000. ("Government's Response To Petitioner's Petition For Writ Of Habeas Corpus," [Docket No. 7], Government Exhibit 3.)

---

[2] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

On December 14, 2000, Petitioner filed his present application seeking habeas corpus relief under 28 U.S.C. § 2241.[3] He is once again looking for a way to challenge his conviction and sentence based on Apprendi. His petition describes his claim for relief as follows:

> The parties [i.e., Petitioner and the Government] agreed on February 23, 1993 petitioner did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, that is about 48 grams. Parties further agreed to other transactions that were not charged in the indictment, these transactions were considered by the court as relevant conduct, and calculated into petitioner's sentence. What the government did when it used petitioner's revelant [sic] conduct by means of other transactions raised petitioner's maximum penalty range for 841(b)(1)(B) of 5yrs to 40 yrs. to 841(b)(1)(a) of 10 years to Life[.] The conduct involving the type and quantity of controlled substances in petitioner's other transactions are essential elements of the offense alleged and should have been alleged in the indictment, the instant case violates Due Process of law by not securing this right in the sentencing proceedings. This case is contrary to the Fifth Amendment of the Constitution as stated in the new constitutional rule established in Apprendi...."

(Petition, [Docket No. 1], pp. 2-3.)

For the reasons discussed below, the Court finds that Petitioner's Apprendi claim is without merit.

## II. DISCUSSION

### A. Effect Of The Circuit Court's Refusal To Authorize A Second § 2255 Motion

The Government initially argues that Petitioner's current application for habeas corpus relief under § 2241 cannot be entertained here because the Court of Appeals denied Petitioner's request for permission to file a second § 2255 motion. According to the

---

[3] Because Petitioner is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, his § 2241 petition was properly filed in this District.

Government, "[i]t has long been the practice of this Circuit that 'a subsequent petition for habeas corpus may be dismissed if the same ground presented in the subsequent petition was determined adversely to the petitioner on the prior petition.'" ("Government's Response to Petitioner's Petition For Writ of Habeas Corpus," [Docket No. 7], p. 5, quoting Sacco v. United States Parole Commission, 639 F.2d 441, 442 (8th Cir. 1981).)

The Court rejects the Government's argument, because the Court of Appeals' brief ruling in November 2000 did not address the merits of Petitioner's Apprendi claim, nor did it address the issue of whether Petitioner could attempt to raise his Apprendi claim in a subsequent § 2241 habeas petition. The Circuit Court merely decided that Petitioner did not meet the stringent statutory requirements for obtaining permission to file a second § 2255 motion. See fn. 2, supra.

In habeas jurisprudence, a non-dispositive decision on a purely procedural issue -- such as the Court of Appeals' determination that Petitioner should not be allowed to file a second § 2255 motion -- frequently does not have the same preclusive effect as a decision on the merits of a prisoner's habeas claim. See Stewart v Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (habeas petition that is summarily dismissed without prejudice for "technical procedural reasons" should not be counted for abuse of the writ purposes); Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). Here, the Government has not explained why Petitioner's current § 2241 petition should be summarily dismissed solely because the Court of Appeals found him to be ineligible for

permission to file a second § 2255 motion. The Court can find no reason why the Circuit Court's limited ruling, by itself, should preclude Petitioner from raising an Apprendi claim in his present § 2241 petition.

B. Availability of Habeas Corpus Relief Under 28 U.S.C. § 2241

The Government further contends that the instant petition should be summarily dismissed because § 2241 is not an available remedy for Petitioner's Apprendi claim. This argument is based on the fifth paragraph of 28 U.S.C. § 2255, which provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

According to this statute, a motion brought in the trial court under § 2255 is, in effect, the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly challenging the validity of his federal criminal conviction and sentence. His present § 2241 habeas petition is therefore barred by § 2255's exclusive remedy rule, unless he can show that § 2255 is an "inadequate or

ineffective" remedy. Because of certain very unusual circumstances present here, the Court finds that this is one of those rare cases in which the remedy provided by § 2255 is "inadequate or ineffective," and Petitioner's conviction and sentence can therefore be challenged in a § 2241 habeas proceeding.

Petitioner cannot raise his Apprendi claim in a § 2255 motion, because he has already sought relief under that statute. He cannot file another § 2255 motion without pre-approval from the Eighth Circuit, (see fn. 2, supra), and, as discussed above, the Circuit Court has already found him to be ineligible for permission to file a second § 2255 motion. The Court of Appeals presumably rejected Petitioner's bid to file another § 2255 motion for the reasons discussed in Rogers v. United States, 229 F.3d 704 (8th Cir. 2000) (per curiam). In Rogers, the Court found that permission to file a second or successive § 2255 motion can be granted, based on a "new rule of constitutional law," only if that new rule has been made "retroactive to cases on collateral review by the Supreme Court." Id. at 705, quoting 28 U.S.C. § 2255 [¶ 8] (emphasis added). Because the Supreme Court itself has not yet declared Apprendi to be retroactively applicable, our Court of Appeals has concluded that a federal prisoner cannot be granted permission to file a second or successive § 2255 motion for the purpose of bringing an Apprendi claim. As the Court explained in Rogers:

> "A second or successive petitioner under § 2255 may only claim the benefit of a new constitutional rule if the Supreme Court itself makes that rule apply retroactively. We simply lack the power, under § 2255, to adjudge the retroactivity of new rules of constitutional law for second and successive motions without Supreme Court guidance."

Id.

It is important to note that Rogers does not address the question of whether Apprendi actually is, or is not, retroactively applicable. The Court of Appeals merely said that it cannot grant permission to file a second or successive § 2255 motion for the purpose of raising an Apprendi claim, because the Supreme Court has not yet formally declared Apprendi to be retroactively applicable.

The issue of whether Apprendi actually is retroactively applicable, and whether an Apprendi claim can therefore be raised for the first time on collateral review, has not yet been decided by either the Supreme Court or the Eighth Circuit Court of Appeals. See United States v. Nicholson, 231 F.3d 445, 454, n. 1 (8th Cir. 2000) ("[w]hether an Apprendi argument is" barred by Teague v. Lane, 489 U.S. 288 (1989), "remains an open question in this Circuit"), cert. denied, 121 S.Ct. 1244 (2001). However, the presiding District Court Judge in this particular case has addressed that issue and has concluded that Apprendi does indeed establish a new rule of constitutional law that is retroactively applicable and can properly be raised on collateral review. United States v. Murphy, 109 F.Supp.2d 1059, 1063-64 (D.Minn. 2000) (Doty, J.). Based on Murphy, this Court finds that Petitioner here can raise an Apprendi claim in a collateral challenge to his conviction and sentence.

The Court concludes that in this particular case Petitioner is attempting to raise a claim that (i) is based on a new rule of constitutional law (established by Apprendi), (ii) could not have been raised in Petitioner's direct appeal or previous § 2255 motion, (because Apprendi had not yet been decided), (iii) is retroactively applicable and can be raised on collateral review, (pursuant to Murphy), and (iv) cannot be raised in a second or successive § 2255 motion, (pursuant to Rogers). Given this unusual confluence of

circumstances, the Court finds that § 2255 is an inadequate or ineffective remedy for Petitioner's Apprendi claim, and that he should therefore be allowed to raise his Apprendi claim in a § 2241 habeas corpus petition.[4]

C. Procedural Default – Cause and Prejudice

The Court has also considered whether Petitioner's Apprendi claim is barred under procedural default principles, because he failed to raise that claim in his direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice'.... or that he is 'actually innocent.' Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). Although at least one Circuit Court of Appeals has concluded that Apprendi claims can be dismissed on the grounds of

---

[4] It should be emphasized that § 2255 cannot be considered to be an inadequate or ineffective remedy, thereby opening the door to a § 2241 petition, anytime a prisoner is procedurally barred from seeking relief under § 2255. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted). Section 2241 can be used as a substitute for the remedy provided by § 2255 only under highly unusual circumstances such as those presented here.

The Court further notes that the "inadequate-or-ineffective-remedy" gateway, though which Petitioner is being allowed to pass, will close if the Supreme Court ever decides whether Apprendi is retroactively applicable and can be raised on collateral review. If the Supreme Court decides that Apprendi is retroactively applicable, then the Eighth Circuit presumably will find that Apprendi claims can be raised in second or successive § 2255 motions – in which case § 2255 presumably would be the exclusive remedy for such claims. On the other hand, if the Supreme Court decides that Apprendi is not retroactively applicable, (and, by implication, that Murphy was wrongly decided), then federal prisoners presumably will be barred from raising Apprendi claims in any type of collateral proceeding -- i.e., under either § 2255 or § 2241.

procedural default,[5] that course will not be followed here.

Our Court of Appeals has suggested that it may sometimes be preferable to decide a habeas case on the merits, rather than trying to resolve a difficult (and avoidable) procedural issue. Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("[a]lthough the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8th Cir. 1998) ("[t]he simplest way to decide a case is often the best"), cert. denied, 527 U.S. 1029 (1999). In this case, the Court finds that Petitioner's Apprendi claims are clearly without merit, (for reasons discussed immediately below), and thus the potentially difficult issues pertaining to procedural default, cause and prejudice, and actual innocence, need not be decided here.

D. The Merits Of Petitioner's Apprendi Claim

Having finally reached the merits of Petitioner's claim for relief, the Court finds that it can be disposed of quite quickly. Petitioner's Apprendi claim is clearly unsustainable.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. 2362-63 (emphasis added). In other words, a jury, rather than a judge alone, must make the factual determinations, beyond a reasonable doubt, on any issue, (other than the existence of

---

[5] See United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001); Garrott v. United States, 238 F.3d 903, 905-06 (7th Cir. 2001).

prior convictions), that causes a defendant to receive a sentence that exceeds the statutory maximum for the charged offense.

In this case, Petitioner was explicitly charged with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) by possessing with intent to distribute more than 50 grams of a mixture or substance containing cocaine base. Thus, he was clearly notified of the nature of the charges against him, including the amount of cocaine base allegedly involved in his offense. He pleaded guilty to possession with intent to distribute cocaine base pursuant to a formal plea agreement. In his plea agreement, Petitioner expressly acknowledged that he was guilty of possessing with intent to distribute 48 grams of cocaine base, and that his offense carried a maximum penalty of 40 years imprisonment. By pleading guilty to a violation of § 841(b)(1)(B), and by expressly admitting to a distribution offense involving 48 grams of cocaine base, Petitioner gave up his right to have a jury determine the exact amount of the cocaine base involved in his offense. United States v. McIntosh, 236 F.3d 968, 975 (8th Cir. 2001) ("[b]ecause [defendant] entered a plea of guilty, he waived his right to a jury determination on all issues related to his prosecution"). See also United States v. Harper, Nos. 99-6543, 99-6485 (6th Cir. Apr. 6, 2001), 2001 WL 331986 at *9 (defendant who was sentenced within the statutory range presented no cognizable Apprendi claim where defendant "stipulated to the amount of drugs for which he was held responsible, and the district court did not rely on any fact outside of the plea agreement to determine drug quantity at sentencing").

Given the explicit allegations of the indictment, (i.e., that Petitioner's alleged crime involved more than 50 grams of cocaine base), and the explicit acknowledgments made

in Petitioner's plea agreement, (i.e., that he had possessed a mixture or substance containing 48 grams of cocaine base, and that his offense carried a maximum penalty of 40 years in prison), the Court can find no fault in Petitioner's 17½-year prison sentence. There clearly is no Apprendi violation here, because Petitioner's actual sentence of 17½ years did not exceed the 40-year statutory maximum for the offense to which he pleaded guilty. United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.) (confirming that Apprendi applies only where the defendant was sentenced beyond the statutory maximum, based on factual determinations that were not proven beyond a reasonable doubt), cert. denied, 121 S.Ct. 600 (2000). See also Harper, 2001 WL 331986 at *9 (where defendant's plea agreement included a stipulation regarding the quantity of drugs involved in his offense, the sentencing court was not required to independently determine the quantity of drugs beyond a reasonable before imposing a sentence within the statutory range); United States v. Williams, 235 F.3d 858, 863-64 (3d Cir. 2000) (upholding defendant's sentence that did not exceed the statutory maximum, based in part on defendant's acknowledgment, as part of plea agreement, that he could be sentenced up to the statutory maximum); Panoke v. United States, Nos. Civ. 00-00548 ACK, Crim. 94-02179 (D.Haw. Jan. 5, 2001), 2001 WL 46941 at *5 (no Apprendi violation occurred where defendant's sentence was within the statutory range for the amount of drugs stipulated in his plea agreement).

In fact, Petitioner's 17½-year sentence was less than the 20-year maximum prescribed by § 841(b)(1)(C), which is applicable for distribution offenses involving any amount of cocaine base. See United States v. Wilson, Nos. 99-6348, 99-6358, 99-6383 (10th Cir. Mar. 29, 2001), 2001 WL 303650 at *6 ("[f]or cocaine base, dealing in any

measurable amount of the drug is covered by 21 U.S.C. § 841(b)(1)(C), which carries a sentence of 'not more than twenty years' in prison"). Thus, even if the indictment had not notified Petitioner of the amount of cocaine base allegedly involved in his offense, and even if Petitioner's plea agreement had not specifically stipulated the amount of the cocaine base involved in his offense, Petitioner still could not challenge the length of his prison sentence based on Apprendi, because his sentence did not exceed the statutory maximum for possession with intent to distribute any amount of cocaine base. Aguayo-Delgado, 220 F.3d at 934 (no Apprendi violation occurs where a defendant's sentence is "within the statutory range authorized by § 841(b)(1)(C) without reference to drug quantity").

Finally, the Court finds that the sentencing court's consideration of "other transactions" adds nothing to Petitioner's Apprendi claim. (See fn. 1, supra.) Assuming those other transactions did affect Petitioner's sentence, he has no grounds to complain about that here. First, he admitted the fact of those other transactions when he signed his plea agreement, thereby waiving a jury trial as to those matters. Second, the sentencing court's consideration of those other matters did not result in a prison sentence that exceeded the prescribed statutory maximum for Petitioner's admitted offense. As discussed above, the statutory maximum for the admitted offense was 40 years, and Petitioner's sentence – even with the sentencing court's consideration of the "other transactions" – was only 17½ years. Therefore, the sentencing court's consideration of the additional matters cited in the plea agreement does not give rise to any viable Apprendi claim. United States v. White, 240 F.3d 127, 136 (2d Cir. 2001) ("[w]here, as

here, factual determinations [pertaining to uncharged conduct] were used to sentence the defendant to a sentence within the maximum allowed by statute, Apprendi is not controlling, and such determinations can be made by the court without violating the defendant's right to due process"). See also Apprendi, 120 S.Ct. 2358 (noting that it remains permissible "for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment within the range prescribed by statute") (emphasis in original).

For the reasons discussed above, the Court concludes that Petitioner's Apprendi claim is clearly without merit. It will therefore be recommended that Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed with prejudice.[6]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

---

[6] It will also be recommended that Petitioner's motion for appointment of counsel, (Docket No. 3), be denied, because Petitioner has not presented any viable claim for habeas corpus relief. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th 1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). An attorney certainly could have helped Petitioner present his arguments more clearly and cogently, but Petitioner is not being denied a writ of habeas corpus because his claims were poorly presented. He is being denied a writ because his claims are without merit. There is no reason to believe that the appointment of an attorney would afford any benefit to either Petitioner or the Court. See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (when considering a prisoner request for appointment of counsel, a court should consider whether both the petitioner and the court would benefit from representation by counsel for both parties). Therefore, appointment of counsel would not be appropriate in this matter.

2. Petitioner's "Motion For Appointment Of Counsel," (Docket No. 3), be **DENIED**;

and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: April 16th 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.