UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2704(DSD/AJB)

Henry Lo Carter,

Petitioner,

v. **ORDER**

United States of America,

Respondent.

This matter is before the court on petitioner's objections to Magistrate Judge Arthur J. Boylan's report and recommendation dated April 16, 2001. In his report, the magistrate judge recommended that petitioner's petition for habeas corpus under 28 U.S.C. § 2241 (Docket No. 1) be denied, petitioner's motion for appointment of counsel (Docket No. 3) be denied and that this action be dismissed with prejudice.

Petitioner objects to the magistrate judge's recommendation. The report of the magistrate judge fully discussed the reasons why the petition must be dismissed. The court particularly concurs with the magistrate judge's conclusion that the petitioner's Apprendi claim lacks substantive merit since his sentence did not exceed the statutory maximum for possession with intent to distribute cocaine base without a reference to drug quantity. See United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir. 2000).

FILED 4-30-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 4-30-01
Deputy Clerk's Initials ______

Therefore, after conducting a de novo review of the file and record, the court will adopt the report and recommendation of the magistrate judge in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for habeas corpus under 28 U.S.C. § 2241 (Docket No. 1) is denied;

2. Petitioner's motion for appointment of counsel (Docket No. 3) is denied; and

3. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 30, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.